UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   19-20178-CR-ALTONAGA/GOODMAN


UNITED STATES OF AMERICA,

     Plaintiff,

vs.

IVAN ACEVEDO,

     Defendant.

                                 /

## DEFENDANT ACEVEDO'S MOTION TO REINSTATE BOND

Ivan Acevedo, by and through undersigned counsel hereby moves this Honorable Court to reinstate his bond in this matter and states:

On April 4, 2019, Mr. Acevedo was charged by indictment with one count of conspiracy to commit mail fraud and one count of mail fraud. [DE 3].   On April 11, 2019, Mr. Acevdeo made his initial appearance in Los Angeles and he was released on a $100,000 personal surety bond. [Central District of California, case 19-mj-01481-DUTY-1, DE 4]. On April 25, 2019, Mr. Acevedo made his initial appearance in the Southern District of Florida, where the magistrate set a $100,000 personal surety bond to be cosigned by Mr. Acevedo's mother as well as other special

conditions. [DE 20].

Mr. Acevedo has been on bond since his initial appearance in California. Mr. Acevedo has appeared by video teleconference or by telephone on several occasions.1 According to the probation officer, Mr. Acevedo had been complying with his reporting requirements, and been employed and was residing with his parents.

On September 17, 2020, US Probation filed a Petition for Action on Conditions of Pretrial Release and an arrest warrant. The petition noted that Mr. Acevedo tested positive for the presence of marijuana on four occasions in January and February of 2019. Mr. Acevedo tested positive again on March 10, 2020 and admitted to having used CBD products. Following those positive tests, Mr. Acevedo was referred to outpatient drug treatment which Mr. Acevedo successfully completed. He remained drug-free until he relapsed at the end of August.

Mr. Acevedo has been suffering from undiagnosed (until recently) and untreated anxiety and depression. The pending charges and his inability to find employment placed enormous stress on Mr. Acevedo.

---

1 In one instance, due to a miscommunication regarding whether the hearing was scheduled for 1:30 EST or PST, Mr. Acevedo appeared via telephone rather than appearing via video.

Unfortunately, in December 2019, Mr. Acevedo's father passed away unexpected from a stroke. The added stress of Mr. Acevedo's father's death proved to be too much for Mr. Acevedo to bear and he began to suffer from insomnia and he began to use marijuana to treat it. After the initial period of positive tests, Mr. Acevedo was referred to and attended drug treatment. Mr. Acevedo successfully completed his treatment and was able to abstain from using marijuana. After completing treatment, however, Mr. Acevedo continued to suffer from stress, depression and anxiety. He sought treatment from a doctor in California who prescribed medical marijuana. After conferring with Mr. Acevedo, defense counsel did not to seek permission from the Court to allow Mr. Acevedo to use marijuana and Mr. Acevedo continued his efforts to abstain. Unfortunately, Mr. Acevedo relapsed.

Since his initial release, Mr. Acevedo resided with his mother and until his death, his father. According to Mr. Acevedo's sister, Christina, Mr. Acevedo has been assisting his 72 year old mother during this difficult time. Mr. Acevedo's sister, who is a licensed clinical social worker, asked counsel to convey to the court that Mr. Acevedo has been very supportive of their mother and that his presence has been helping

her through the grieving process.   This process has obviously   been substantially more difficult by the requirement for social distancing which limits her ability to be consoled by other family members and friends.   Mr. Acevedo clearly has issues with stress and anxiety, and with substance abuse.   He attended drug treatment as required and was successful for a time in abstaining from use.   Mr. Acevedo is not a danger to the community.   According to the pretrial services report from the Southern District of Florida, Mr. Acevedo has no prior contacts with the criminal justice system. The instant case is not a violent offense.

In an effort to ensure that Mr. Acevedo deals with his substance abuse issues and continues to comply with the other conditions of release, the defense proposes that Mr. Acevedo be released under the same bond as the Court imposed initially2, but with additional special conditions

- Mr. Acevedo attend substance abuse treatment until further order of the court.

- Mr. Acevedo be placed on a curfew to be determined by the Court.

Mr. Acevedo is willing to wear a GPS monitor to insure compliance with

2 Mr. Acevedo's family informed counsel that they do not have the means to post a cash bond or to obtain a surety bond.

4

the Court's conditions should the Court deem it appropriate.

Undersigned counsel has conferred with AUSA Roger Cruz who has stated that the Government will defer to the judgment of the Court on this issue.

For the foregoing reasons, Mr. Acevedo urges the Court to reinstate his bond as outlined above.

Respectfully Submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

BY:      s/R. D'Arsey Houlihan
         R. D'Arsey Houlihan
         Supervisory Assistant Federal Public Defender
         Florida Bar No. 100536
         150 W. Flagler Street, Suite 1700
         Miami, Florida 33130-1556
         (305) 530-7000
         (305) 536-4559, Fax
         E-Mail:   d'arsey_houlihan@fd.org
         *Counsel for Ivan Acevedo*

## <u>**CERTIFICATE OF SERVICE**</u>

I HEREBY certify that on **November 23, 2020**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>s/R. D'Arsey Houlihan</u>
R. D'Arsey Houlihan